UNITED STATES of America and J. S. Dunlap, Special Agent, Internal Revenue Service,

v.

James C. HIGGINS.

Civ. A. No. 536.

United States District Court
S. D. West Virginia,
Beckley Division.

Nov. 3, 1966.

W. Warren Upton, Asst. U. S. Atty., Charleston, W. Va., for petitioners.

James C. Higgins and John H. Gorman, Beckley, W. Va., for respondent.

FIELD, Chief Judge.

This is a proceeding under Section 7604(a) of the Internal Revenue Code of 1954 to enforce the production of certain records pursuant to an Internal Revenue Summons served on the respondent under the authority of Section 7602 of the Internal Revenue Code of 1954.

The summons issued on January 24, 1966, sought the production by respondent of all work papers, schedules or information prepared or used in completing the 1964 income tax return for Danny Lee Egich and Anthony Alvin Farmer, individually, as well as similar material used in preparing the 1964 partnership return for Farmer & Egich, d/b/a Fairdale Grocery & Appliance Company.

In his response the respondent states that Farmer and Egich, as individuals, as well as Farmer's wife, employed respondent and his associate, John H. Gorman, to represent them in regard to an examination being conducted by the Internal Revenue Service. Incident to this representation, the respondent, or his firm, did prepare certain income tax returns on behalf of their clients as individuals as well as their partnership. In the light of this, respondent takes the position that the papers sought by the Government pursuant to the summons are protected by the attorney-client privilege.

The basic question presented here is almost identical to that presented in Civil Action No. 535, United States v. James C. Higgins, and my conclusions with respect to this proceeding are the same as those reached in my ruling of even date herewith in Civil Action No. 535. Under the circumstances, it is my conclusion that the papers sought under the summons in this proceeding are properly privileged and that respondent was within his rights in refusing to produce them pursuant to the statutory summons.